NOT DESIGNATED FOR PUBLICATION

No. 116,144

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDRE DERON HARRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed December 2, 2016. Affirmed.

*Rex L. Lane*, of Lane Law Office LLC, of Atchison, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

*Per Curiam*:  A district court may grant a motion for continuance for good cause. Andre Deron Harris filed a motion to continue the sentencing for his domestic battery conviction to the same date as the sentencing for a separate felony drug offense. The district court denied the motion. Because Harris failed to set forth a good cause for the granting of his motion, the district court's denial was not an abuse of discretion. Accordingly, the decision of the district court is affirmed.

1

Andre Deron Harris pled guilty to one count of domestic battery. At sentencing Harris' attorney made an oral motion to continue sentencing. Harris' attorney noted that Harris had a different case set for sentencing the following month and that he thought "it would be beneficial, at least for the Court, if nothing else, to see what [Harris'] situation is more fully than just this case." Harris' attorney added that the issues may be similar for both cases because there were "some drug issues that [Harris] need[ed] to get a handle on." The district court denied Harris' motion. The court added:  "If he's Senate Bill 123 eligible in that case, he'll continue to be Senate Bill 123 eligible in that. But this is a domestic battery. There is a Presentence Report. I'm not going to continue it." Then, the court sentenced Harris to 6 months in jail.

Harris appealed.

ANALYSIS

On appeal, Harris argues that the district court abused its discretion when it denied his motion to continue sentencing. He argues that because the presentence investigation (PSI) report for his domestic battery case identified daily marijuana use as an issue, it would make "perfectly good sense" to sentence him at the same time as his felony marijuana case. After discussing the benefits of drug treatment, Harris contends that the court abused its discretion because it "chose to ignore the realistic outcome and merely punish the defendant." The State responds by noting that Harris "does not make any showing or present any evidence to show how [he] would benefit from a delay as the sentencing in this matter was independent from the sentencing in his other case."

K.S.A. 22-3401 provides a district court may grant a continuance "for good cause shown." The granting or denying of a request for a continuance will not be disturbed on

appeal absent a showing of an abuse of discretion. *State v. Burnett*, 300 Kan. 419, 436, 329 P.3d 1169 (2014). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party asserting that the district court abused its discretion bears the burden of establishing the abuse. *State v. Dobbs*, 297 Kan. 1225, 1232-33, 308 P.3d 1258 (2013).

Harris failed to provide the district court with a good cause to grant his motion to continue sentencing. In order to meet the "good cause" requirement, defendants must usually make a showing that the continuance will have some effect on the proceedings. For example, in *Burnett*, the defendant filed a motion for continuance so that he could have time to redact a video and admit it as evidence. The district court denied the motion, and this court affirmed because the defendant failed to produce evidence that the video would have bolstered his defense or impeached a witness's testimony. In *State v. Harris*, Nos. 107,445, 2012 WL 6734658 (Kan. App. 2012) (unpublished opinion), a defendant filed a motion to continue sentencing so that he could gather additional information to file a motion for departure. The district court denied the motion, and this court affirmed because the defendant did not proffer any evidence that would have actually supported a request for downward departure. In another case, a mother filed a motion to continue a termination of parental rights hearing until after she was released from prison. The mother did "not allege that the outcome of the hearing would have been different had the trial court granted the continuance . . . ." *In re L.M.*, No. 91,803, 2004 WL 1717135, at *3 (Kan. App. 2004) (unpublished opinion). The trial court denied her motion, and this court affirmed, holding that the "conditions that the trial court found applicable to Mother in terminating her parental rights would still have applied to her at a hearing 3 months later . . . ." 2004 WL 1717135, at *3. Here, Harris fails to provide any evidence that the continuance would have had any effect on the conditions that led to his sentence.

3

The Kansas Supreme Court has said that "[m]ere speculation that with more time something favorable may happen for the defendant does not constitute good cause." *State v. Beaman*, 295 Kan. 853, 864, 286 P.3d 876 (2012). Harris did not even speculate that something favorable might happen if granted the continuance. He just said it might be beneficial for the sentencing judge to see the PSI report from Harris' felony case before sentencing Harris in this case.

Harris has failed to meet his burden of showing that the district court abused its discretion. Accordingly, the district court's decision is affirmed.

Affirmed.